IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADELSO FIGUEROA LOPEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN MCSHANE, ET AL. | : | NO.  26-771 |

**MEMORANDUM**

**Padova, J.**                                                                                   **March 18, 2026**

Petitioner Adelso Figueroa Lopez is a Venezuelan citizen who entered this country without inspection on April 27, 2023, and has been living in the United States ever since.  On February 4, 2026, Petitioner was arrested by agents of Immigration and Customs Enforcement ("ICE").  He is now detained pending removal proceedings and has not been afforded a bond hearing.  He has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention on statutory grounds and as a matter of due process, and seeking his immediate release from custody or, in the alternative, a prompt bond hearing.  The Government opposes the Petition, contending that Petitioner is subject to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), or, in the alternative, that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  For the following reasons, we conclude that Petitioner is entitled to a bond hearing before an Immigration Judge, and we grant the Petition to the extent it seeks such a hearing.

**I.      BACKGROUND**

On April 23, 2023, Petitioner, a citizen and national of Venezuela, entered this country from Mexico.  (Gov't Ex. B at 2.)  He was processed for a Notice to Appear and released on his own recognizance on April 30, 2023.  (Id.)  According to the Petition, he filed an Asylum Application on April 17, 2024, which is pending with the U.S. Citizenship and Immigration

Services ("USCIS").  (Pet. ¶ 42.)  He resides in Philadelphia, Pennsylvania with his wife and two children, who are also citizens of Venezuela with pending asylum applications.  (Id. ¶¶ 1, 45.)

On December 11, 2025, Petitioner was arrested by officers of the Philadelphia Police Department on charges of aggravated assault, violation of the Uniform Firearms Act by possession of a firearm without a license, possession of instrument of crime, and simple assault.  (Gov't Exs. D at 2, E at 2.)  The charges against Petitioner arose from an argument that he had with another man, during which he allegedly pulled out a firearm and pointed it at his victim (the man with whom he was arguing).  (Gov't Ex. D at 1.)  Petitioner walked away when his victim pulled out his phone and told Petitioner that he was going to call the police.  (Id.)  The aggravated assault charge against Petitioner was dismissed on January 29, 2026, during a preliminary hearing in the Municipal Court of Philadelphia County.[1]  (Gov't Ex. E at 2.)  Petitioner has been released on bail in connection with his state criminal case and is awaiting trial on the remaining charges against him.  (Id. at 3.)

On February 4, 2026, Petitioner was arrested by ICE agents and detained at the Federal Detention Facility in Philadelphia.  (Pet. ¶ 43.)  He was subsequently placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  (Id. ¶ 44.)  He has not been given a bond hearing in connection with his detention on the immigration charge.  (Id. ¶ 15.)  Petitioner filed the instant Petition for Writ of Habeas Corpus on February 6, 2026, seeking immediate release or, in the alternative, a bond hearing.

---

[1] It appears that a misdemeanor charge of making terroristic threats was added to the charges against Petitioner prior to hs January 29, 2026 preliminary hearing.  (See Gov't Ex. E at 2.)

## II.    LEGAL STANDARD

We are empowered to grant habeas relief to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  This includes the power to grant relief to noncitizens, because "[t]he writ of habeas corpus has always been available to review the legality of Executive detention," and it has "regularly [been] invoked on behalf of noncitizens, particularly in the immigration context."  INS v. St. Cyr, 533 U.S. 289, 305 (2001) (citations omitted).  The burden is on the petitioner to show that he is entitled to habeas relief.  Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (citation omitted).

## III.    DISCUSSION

The Government argues that we should deny the Petition because Petitioner is subject to mandatory detention pursuant to the Laken Riley Act or, in the alternative, because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  Petitioner maintains that the Laken Riley Act does not apply here and that he is only subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), not mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  Petitioner further asserts that if he is detained pursuant to 8 U.S.C. § 1226(a), he is entitled to a bond hearing before an immigration judge.[2]

---

[2] "Under 8 U.S.C. § 1226(a), the Attorney General may detain a removable noncitizen and release them on bond."  Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307, at *4 (E.D. Pa. Nov. 19, 2025).  "Bond is available if the noncitizen 'demonstrate[s] . . . such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding.'"  Id. (alterations in original) (quoting 8 C.F.R. § 236.1(c)(8)).  "'[T]he immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond.'"  Id. (alterations in original) (quoting 8 C.F.R. § 236.1(d)(1)).  "Hence, § 1225(b)(2) subjects a noncitizen to mandatory detention without the possibility of bond while § 1226(a) only authorizes discretionary detention with the opportunity for a bond hearing."  Id.

A.      The Laken Riley Act

"In 2025, Congress passed the Laken Riley Act which amended [8 U.S.C.] § 1226(c) to add new categories of noncitizens subject to mandatory detention." Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307, at *6 (E.D. Pa. Nov. 19, 2025) (citing Pub. L. No. 119-1 § 2, 139 Stat. 3 (2025)).  Pursuant to the Laken Riley Act's amendments to § 1226(c)(1)(E):

The Attorney General shall take into custody any alien who . . .

(E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

(ii) is charged with, is arrested for, is convicted of, or admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . . .

8 U.S.C. § 1226(c)(1).  "Petitioner concedes that he is inadmissible under paragraph 6(A) of section 1882(a) of Title 8."  (Reply at 2.)  However, he maintains that § 1226(c)(1)(E) does not require his detention because he has not been charged with, arrested for, or convicted of any offense that would make him subject to mandatory detention.

As we recounted above, on December 11, 2025, Petitioner was arrested and charged with aggravated assault, violation of the Uniform Firearms Act by possession of a firearm without a license, possession of instrument of crime, and simple assault, and was later charged with making terroristic threats.  (Gov't Exs. D at 2, E at 2.)  None of these charges is included in the plain language of the Laken Riley Act and there is nothing in the record before us that would indicate that Petitioner's actions resulted in his victim's death or serious bodily injury.  The Government argues, however, that Petitioner's arrest for aggravated assault subjects him to the Act because the elements of aggravated assault in Pennsylvania include attempt to cause serious bodily injury to another person.

4

Under Pennsylvania law, "[a] person is guilty of aggravated assault if he:  (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . ."  18 Pa. Cons. Stat. Ann. § 2702(a).  The Government concedes that the list of crimes that would subject an individual who is inadmissible to mandatory detention under the Laken Riley Act does not include attempt offenses.  (Resp. at 8.)   However, the Government argues that we may construe 8 U.S.C. § 1226(c)(1)(E)(ii) to include an "attempt[] to cause serious bodily injury to another."  18 Pa. Cons. Stat. Ann. § 2702(a)(1).

"'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'"  Russello v. United States, 464 U.S. 16, 23 (1983) (alteration in original) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)) (citation omitted); see also Badgerow v. Walters, 596 U.S. 1, 11 (2022) ("'[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act,' we generally take the choice to be deliberate." (alteration in original) (quoting Collins v. Yellen, 594 U. S. 220, 248 (2021)).  The Government concedes that other sections of the INA include attempt offenses.  (Resp. at 8.)  The Government specifically acknowledges that 8 U.S.C. § 1101(a)(43)(U) defines "[t]he term 'aggravated felony'" to include "an attempt or conspiracy to commit an offense" and that 8 U.S.C. § 1182(a)(2)(A)(i)(II) states that aliens who have been convicted of crimes of moral turpitude or crimes relating to a controlled substance, including attempts and conspiracies to commit such crimes, are "ineligible to be admitted to the United States."  8 U.S.C. § 1182(a).  Thus, under the rules of statutory construction, we may "presume[]

that Congress act[ed] intentionally and purposely" in excluding attempts from the list of offenses included in § 1226(c)(1)(E)(ii).  Russello, 464 U.S. at 23.

The Government, however, argues that this presumption can be overcome in the context of the Laken Riley Act.  The Government relies on Matter of D. Rodriguez, 28 I. & N. Dec. 815 (BIA 2024), in which the Board of Immigration Appeals stated that "the principle described in Russello loses force as the statutory provisions being compared move apart from each other in time, space, subject matter, and structure."  Id. at 817.  However, Matter of D. Rodriguez did not examine the language added to the INA in the Laken Riley Act.  Furthermore, the Government has failed to demonstrate why the specific sections of the INA that it has asked us to consider, i.e., 8 U.S.C. §§ 1101(a)(43)(U),  1182(a)(2)(A)(i)(II), and 1226(c)(1)(E)(ii), are sufficiently "apart from each other in time, space, subject matter, and structure" to overcome the Russello presumption.  Matter of D. Rodriguez, 21 I&N Dec. at 817.  Moreover, decisions of the Board of Immigration Appeals are not controlling.  See Demirel v. Fed. Detention Ctr., Civ. A. No. 25-5488, 2025 WL 3218243, at *2 (E.D. Pa. Nov. 18, 2025) (stating that while "immigration courts may offer helpful guidance," we "must exercise 'independent judgment'" (quoting Loper Bright Enters. v. Raimondo, 603 U.S. 369, 385–86, 388 (2024)).  We conclude, accordingly, that the Government has not overcome the presumption that Congress deliberately chose not to include attempts in the list of crimes that would subject an inadmissible alien to mandatory detention pursuant to § 1226(c)(1)(E)(ii).  We conclude, accordingly, that the Laken Riley Act does not apply in this case and that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii).

B.    8 U.S.C. § 1225(b)(2)

The Government also argues that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A), which provides that "in the case of an alien who is an applicant for admission, if

the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C.A. § 1225(b)(2)(A). However, by its terms, the mandatory detention provision of § 1225(b)(2)(A) does not apply to all applicants for admission, but only to those who are "seeking admission." 8 U.S.C. § 1225(b)(2)(A); see also Diallo v. O'Neil, Civ. A. No. 25-6358, 2025 WL 3298003, at *4 (E.D. Pa. Nov. 26, 2025) ("Not all 'applicant[s] for admission are subject to Section 1225(b)—just those who are seeking admission.'" (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A))). In the Government's view, "an 'applicant for admission' is necessarily 'seeking admission.'" (Resp. at 11.)

We have previously rejected this argument. See Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) (concluding "as a matter of statutory interpretation, that § 1225(b)(2)(A) applies only to 'noncitizens who are just arriving or have recently arrived in the country,' and 'does not apply to individuals . . . who have already entered and resided in the country for an extended period" (alteration in original) (first quoting Ndiaye, 2025 WL 3229307, at *5; then quoting Kashranov. v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399, at *7 (E.D. Pa. Nov. 14, 2025)). Moreover, by February 13, 2026, "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the INA . . . [in] 201 decisions, all granting 'undocumented immigrants' habeas relief." Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026). We acknowledge that "[t]here is now conflicting appellate authority on the issue." Id. (comparing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), with Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048 (7th Cir. 2025)). Indeed, the Fifth Circuit found in Buenrostro-Mendez v. Bondi "that all applicants for admission are, at all times, seeking admission, and thus

subject to mandatory detention under Section 1225(b)(2)." <u>Vimos v. Fed. Detention Ctr. Phila.</u>, Civ. A. No. 26-780, 2026 WL 381173, at *5 n.12 (Feb. 11, 2026) (citing <u>Buenrostro-Mendez</u>, 166 F.4th at 502-08). However, this decision is not controlling. <u>See</u> <u>id.</u> ("As a preliminary matter, decisions of the Fifth Circuit are not binding on this Court, and are, at most, persuasive authority." (citing <u>United States v. Maury</u>, 695 F.3d 227, 259 n.27 (3d Cir. 2012))). Furthermore, we do not find the <u>Buenrostro-Mendez</u> decision persuasive for the reasons discussed in <u>Vimos</u>. <u>See</u> <u>id.</u> We conclude, accordingly, that Petitioner has been unlawfully detained pursuant to § 1225(b)(2)(A), which does not apply to noncitizens in his situation.

## IV. CONCLUSION

For the reasons stated above, we conclude that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii) or 8 U.S.C. § 1225(b)(2)(A). We further conclude, accordingly, that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), and that he must therefore be given the opportunity to seek release on bond pursuant to 8 U.S.C. § 1226(a)(2). We therefore grant the instant Petition for Writ of Habeas Corpus to the extent that Petitioner seeks the opportunity to apply before an Immigration Judge for a bond and to thereafter appeal to the Bureau of Immigration Appeals if necessary. <u>See</u> <u>Alekseev</u>, 2026 WL 413439, at *4. As we have granted the Petition on statutory grounds, we do not reach Petitioner's due process argument. An order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

8